# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON FAVOR,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA, et al.,<br><br>　　　　Respondents. | Case No.  1:17-cv-00194-JLT (HC)<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATION |

　　　Brandon Alexander Favor (aka Brandon Favor-El) is a state prisoner confined at California Correctional Institution, Tehachapi, California.  On February 2, 2017, Petitioner filed what purports to be a petition for writ of habeas corpus in this Court.

　　　Petitioner is well known to this Court. Since 2013, he has filed at least twenty-four habeas petitions and eight § 1983 complaints in the Eastern District of California as well as filing additional petitions and complaints in the Central and Southern Districts of California.

## BACKGROUND

　　　Like all of the petitions Petitioner has filed, the instant petition is rambling, incoherent, and fails to state any cognizable claim for relief under federal habeas corpus law. See Rule 4 of the Rules Governing Section 2254 Cases; Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

The heading provides: "Brandon Favor, LLP, Cochran Law Firm." Cochran Law Firm is an actual law firm doing business in Los Angeles, California, and nationwide. Instead of naming an attorney and specifying his or her bar number, the filer is indicated as, "G60488-Favor-Paralegal." (Doc. 1 at 1.) "G60488" is the prisoner number assigned to Petitioner by the California Department of Corrections and Rehabilitation. In addition to listing himself as a paralegal and as a petitioner, he lists Raquel Harper as a petitioner, but provides no explanation as to how or why Petitioner, who is not an attorney licensed to practice law in California, believes he may present claims on behalf of Hunter or anyone else.

Three grounds for relief are stated in the petition. (Doc. 1 at 3-5.) All three grounds, along with their supporting facts, are convoluted, illogical, essentially incoherent, and fail to identify any basis for the assertion of any cognizable federal habeas claim. The petition does not provide sufficient information to enable the Court or any respondent to comprehend what Petitioner is attempting to assert. (Doc. 1.) Petitioner also provides no information regarding attempts to exhaust his claims in state court.

**DISCUSSION**

A.  <u>Preliminary Review of Petition</u>

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 of the Rules Governing Section 2254 Cases indicates that the Court may dismiss a petition for writ of habeas corpus on its own motion under Rule 4. However, a petition for writ of habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. <u>Jarvis v. Nelson</u>, 440 F.2d 13, 14 (9th Cir. 1971).

B.  <u>Unauthorized Representation by a Non-Attorney</u>

Petitioner, who is not an attorney, may not act on behalf of another petitioner or any other party proceeding pro se. The privilege to proceed pro se is personal to the litigant and does not extend to other parties or entities acting on his behalf. See <u>Simon v. Hartford Life, Inc.</u>, 546 F.3d

661, 664 (9th Cir. 2008). "[A] non-attorney may appear only in her own behalf." Cato v. United States, 70 F.3d 1103, 1105 n.1 (9th Cir. 1995). Although a person who is not an attorney may appear pro se on his own behalf, see 28 U.S.C. § 1654, "he has no authority to appear as an attorney for others than himself." McShane v. United States, 366 F.2d 286, 288 (9th Cir. 1966).

C.    Vague, Conclusory, Palpably Incredible, Patently Frivolous, or False Allegations

As is the case here, summary dismissal is appropriate if the allegations in a petition are vague, conclusory, palpably incredible, patently frivolous, or false. Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990). Petitioner's claims are incoherent, and the Court is unable to discern what Petitioner is attempting to convey, and what errors or legal violations he is attempting to seek a remedy. (See Pet. at 3-5.) The pending petition is "patently frivolous." Hendricks, 908 F.2d at 491; In re Hunter, 1995 WL 261459, at *2 (N.D. Cal. 1995) (dismissing habeas petition as "a dense and impenetrable mass of verbiage").

D.    Failure to State a Cognizable Claim

Title 28 U.S.C. § 2241(c) provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution." Title 28 U.S.C. § 2254(a) states, "[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." See also Rule 1 of the Rules Governing Section 2254 Cases.

The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). To succeed in a petition pursuant to § 2254, a petitioner must demonstrate that the adjudication of his claim in state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2).

The habeas petition filed in this case fails to state a cognizable claim for federal habeas

relief. In addition to being vague, and filed on behalf of another inmate, it does not allege a violation of the Constitution or federal law, nor does it argue that the petitioner is in custody in violation of the Constitution or federal law. While there is mention of due process and innocence, no actual, cognizable claim is presented. The allegations contained in the petition are insufficient to state a cognizable claim for habeas relief.

**ORDER**

Accordingly, the Clerk of Court is DIRECTED to assign a District Judge to the case.

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS that this action be SUMMARILY DISMISSED without leave to amend.

This Findings and Recommendation is submitted to the assigned District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within ten days after service of the Findings and Recommendation, Petitioner may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **February 21, 2017**            **/s/ Jennifer L. Thurston**
                                          UNITED STATES MAGISTRATE JUDGE